UNITED STATES

v.

Airman First Class Jacob L.
ROTHENBERG, United
States Air Force.

ACM 33692.

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 15 Jan. 1999.

Decided 10 May 2000.

Appellate Counsel for Appellant: Captain Bryan A. Bonner (argued), Colonel Jeanne M. Rueth, and Lieutenant Colonel James R. Wise.

Appellate Counsel for the United States: Major Jennifer R. Rider (argued), Colonel Anthony P. Dattilo, Lieutenant Colonel Ronald A. Rodgers, and Major Thomas C. Taylor.

Before YOUNG, Senior Judge, SCHLEGEL, Senior Judge, and HEAD, Appellate Military Judge.

## OPINION OF THE COURT

YOUNG, Senior Judge:

The appellant pled guilty to using ecstasy and marijuana and distributing marijuana, all on divers occasions. Article 112a, UCMJ, 10 U.S.C. § 912a. He also pled guilty to attempting to distribute ecstasy (Article 80, UCMJ, 10 U.S.C. § 880) and soliciting another enlisted member to distribute marijuana (Article 134, UCMJ, 10 U.S.C. § 934). The military judge sentenced the appellant to a bad-conduct discharge, confinement for 15 months, and reduction to E–1. Pursuant to a pretrial agreement, the convening authority reduced the period of confinement to 13 months and approved the rest of the sentence as adjudged. The Court heard oral arguments on this case at the Air Force Judge Advocate General School, Maxwell Air Force Base, Alabama, on 31 March 2000, as part of our Project Outreach program. The appellant claims his plea to attempting to distribute ecstasy is improvident because the facts he admitted do not go beyond mere preparation. We agree.

## I. Appellate Review of Guilty Pleas

▆▆▆ "A providence inquiry into a guilty plea must establish, *inter alia,* 'not only that the accused himself believes he is guilty but also that the factual circumstances as revealed by the accused himself objectively support that plea.'" *United States v. Higgins,* 40 M.J. 67, 68 (C.M.A.1994) (quoting *United States v. Davenport,* 9 M.J. 364, 367 (C.M.A.1980)). If an accused enters a guilty plea "improvidently or through lack of understanding" or if the accused sets up matter inconsistent with a plea of guilty, the military judge must reject the plea. Article 45(a), UCMJ, 10 U.S.C. § 845(a). On appeal, we review the military judge's acceptance of the plea for an abuse of discretion. *United States v. Eberle,* 44 M.J. 374, 375 (1996). However, even if the military judge did not abuse his discretion in accepting the plea, we still may set aside the plea if we find a substantial conflict between the plea and the accused's statements or other evidence in the record. *United States v. Garcia,* 44 M.J. 496, 498 (1996). "A 'mere possibility' of such a conflict is not a sufficient basis to overturn the trial results." *Id.* (citing *United States v. Prater,* 32 M.J. 433, 436 (C.M.A.1991)).

▆▆▆ When an accused is convicted after a litigated trial, we test for legal sufficiency by considering the evidence in the light most favorable to the prosecution. *United States v. Turner,* 25 M.J. 324 (C.M.A.1987) (citing *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). Of course, in reviewing guilty pleas, the issue is the providence of the plea, not the sufficiency of the evidence. *United States v. Boddie,* 49 M.J. 310, 312 (1998) (citing *United States v. Faircloth,* 45 M.J. 172, 174 (1996)). Although the evidence is rarely fully developed in a guilty plea case, we still determine whether the military judge abused his discretion in accepting the plea by considering the evidence in the light most favorable to the prosecution. *See United States v. Hubbard,* 28 M.J. 203, 209 (C.M.A.1989) (Cox, J., concurring).

## II. The Appellant's Guilty Plea

The stipulation of fact in this case provides as follows: "During the charged time frame,

the accused attempted to distribute Ecstasy to then [Airman First Class] A1C Anthony Stansberry. The accused and A1C Stansberry were at a social club in the Montgomery area when the accused offered to provide Ecstasy, for cost, to A1C Stansberry. The latter declined and no deal took place."

The military judge advised the appellant of the elements of the offense of attempted distribution of ecstasy. Those elements are as follows:

(1) That the accused did a certain overt act;

(2) That the act was done with the specific intent to commit a certain offense under the code;

(3) That the act amounted to more than mere preparation; and

(4) That the act apparently tended to effect the commission of the intended offense.

*United States v. Church*, 32 M.J. 70, 71 (C.M.A.1991) (citing *Manual for Courts–Martial, United States, 1984*, Part IV, ¶ 4b); *Manual for Courts–Martial, United States (MCM)*, Part IV, ¶ 4b (1998 ed.).

The military judge further advised the appellant that to find an accused guilty of this offense,

the fact-finder must find beyond a reasonable doubt that the accused went beyond preparatory steps and his acts amounted to a substantial step and a direct movement toward the commission of the intended offense. A substantial step is one that is strongly corroborative of the accused's criminal intent and is indicative of his resolve to commit the offense.

The appellant admitted understanding the elements of the offenses and the explanations given by the military judge. The appellant told the military judge that he and A1C Stansberry were together at an off-base club. A man, whom the appellant knew supplied ecstasy to others, approached and asked the appellant if he wanted any ecstasy. The appellant knew that A1C Stansberry had used ecstasy in the past. He turned and asked A1C Stansberry if he wanted any. The appellant had the money to purchase the ecstasy. If A1C Stansberry had wanted some ecstasy, the appellant would have purchased some, given it to A1C Stansberry, and had him pay for it later. A1C Stansberry declined the offer.

After reading the stipulation of fact and listening to the appellant's responses during the plea inquiry, the military judge expressed his concern that the evidence seemed more indicative of soliciting another to commit an offense under Article 134, UCMJ, 10 U.S.C. § 934, than an attempt under Article 80. Apparently in an effort to save the pretrial agreement, counsel for both parties assured the military judge that the evidence established an attempt, not just a solicitation. The defense counsel asserted that because the appellant, A1C Stansberry, and the dealer who presumably had the ecstasy were in close proximity, asking A1C Stansberry if he wanted any was the last step to committing the offense. If A1C Stansberry had wanted some ecstasy, the appellant would have purchased it for, and then distributed it to, A1C Stansberry. Under further questioning by the military judge, the appellant acknowledged discussing with his attorney the differences between an attempt and soliciting another to commit an offense, agreed that his actions were more than mere preparation and were a step toward the commission of the offense, and confirmed his guilt of an attempt to distribute ecstasy. The military judge accepted the plea.

The appellant did not set up matter inconsistent with his plea. Therefore, we review the case to determine whether the military judge abused his discretion in accepting the plea.

## III. Discussion

The elements that comprise an offense may be factual, legal, or a combination of the two. Strictly factual elements include the following: (1) That a certain named or described person is dead (premeditated murder—*MCM*, Part IV, ¶ 43b(1)(a) (1998 ed.)); (2) That the accused used a controlled substance (wrongful use of controlled substances—*MCM*, Part IV, ¶ 37b(2)(a) (1998 ed.)); and (3) That the accused did a certain overt act (attempt—*MCM*, Part IV, ¶ 4b(1) (1998 ed.)). Strictly legal elements include the following: (1) That the testimony was material (perjury—*MCM*, Part IV,

¶ 57b(1)(e) (1998 ed.)); and (2) That the act or omission of the accused constituted culpable negligence (involuntary manslaughter—*MCM*, Part IV, ¶ 44b(2)(d) (1998 ed.)). Other elements contain both factual and legal components; e.g., that the accused wrongfully took, obtained, or withheld certain property from the possession of the owner or of any other person (larceny—*MCM*, Part IV, ¶ 46b(1)(a) (1998 ed.)). Whether the accused took the item is normally factual, whereas the wrongfulness of the taking is a legal question.

■ When an accused admits facts during the plea inquiry that establish the factual components of an element, the military judge can accept that judicial confession at face value. There is no need to inquire further into the basis for the accused's belief of those facts because his naked admission to the facts is sufficient to waive the issue on appeal. *Faircloth*, 45 M.J. at 174.

■ On the other hand, "[m]ere conclusions of law recited by an accused are insufficient to provide a factual basis for a guilty plea." *United States v. Outhier*, 45 M.J. 326, 331 (1996) (citing *United States v. Terry*, 45 C.M.R. 216, 1972 WL 14158 (C.M.A.1972)). The military judge needs to establish a record that provides the factual basis for the legal conclusion. That record includes the advice the military judge provides the accused as to the elements of the offense, including any explanations; the stipulation of fact, if any; and the accused's judicial confession.

As stated earlier, we review the military judge's acceptance of the guilty plea for an abuse of discretion. The term "abuse of discretion" has a sliding contextual meaning—no single level of deference or scrutiny is intended. Each trial decision must be evaluated in light of the relevant issues governing that situation. Thus, the standard is actually applied differently depending upon the context. Alan Childress & Martha S. Davis, *Federal Standards of Review* § 4.21 (2d ed.1992).

In the military, abuse of discretion is normally defined as more than a difference of opinion—the "challenged action must ... be found to be 'arbitrary, fanciful, clearly unreasonable,' or 'clearly erroneous' in order to be invalidated on appeal." *United States v. Curtis*, 52 M.J. 166, 169 (1999) (quoting *United States v. Travers*, 25 M.J. 61, 62 (C.M.A. 1987)). However, as Childress and Davis suggest, it is not always characterized in these exact terms. *See United States v. Reister*, 44 M.J. 409, 413 (1996) (reviewing a military judge's evidentiary ruling for an abuse of discretion—"Findings of fact will not be overturned unless they are clearly erroneous or unsupported by the record. Conclusions of law are reviewed *de novo*.").

Our superior court has provided guidance in reviewing the abuse of discretion standard in the context of a guilty plea to an attempt charge.

> Quite simply, where an accused pleads guilty and during the providence inquiry admits that he went beyond mere preparation and points to a particular action that satisfies himself on this point, it is neither legally nor logically well-founded to say that *actions that may be ambiguous on this point* fall short of the line "as a matter of law" so as to be substantially inconsistent with the guilty plea. Article 45(a), UCMJ, 10 U.S.C. § 845(a).

*United States v. Smith*, 50 M.J. 380, 383 (1999) (quoting *United States v. Schoof*, 37 M.J. 96, 103 (C.M.A.1993)) (emphasis added). Thus, we will set aside the guilty plea in this case only if, as a matter of law, the appellant's actions fall *unambiguously* short of being a direct movement toward the commission of the offense.

■ When an accused crosses the line from taking preparatory steps to making a direct movement toward the commission of an offense can be difficult to discern and has been fodder for considerable debate by judges, scholars, and commentators. *See Church*, 32 M.J. at 72. We find it unnecessary to enter the fray.

> Preparation consists of devising or arranging the means or measures necessary for the commission of the offense. The overt act required goes beyond preparatory steps and is a direct movement toward the commission of the offense.

*Id.* at 71 (citing *MCM, 1984*, Part IV, ¶ 4c(2)); *MCM*, Part IV, ¶ 4c(2) (1998 ed.). Furthermore, soliciting another to commit an offense is not sufficient to constitute an at-

tempt. *United States v. Thomas*, 32 C.M.R. 278, 289, 1962 WL 4490 (C.M.A.1962) (citing *Legal and Legislative Basis, Manual for Courts–Martial, United States, 1951* 248–49); *MCM*, Part IV, ¶ 4c(5) (1998 ed.).

The elements of soliciting another to commit an offense are as follows:

(1) That the accused solicited or advised a certain person or persons to commit a certain offense under the code other than one of the four offenses named in Article 82;

(2) That the accused did so with the intent that the offense actually be committed; and

(3) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

*MCM*, Part IV, ¶ 105b (1998 ed.).

██ We find that the appellant admitted to no more than soliciting A1C Stansberry to possess ecstasy. While we are reluctant to reject an accused's guilty pleas, we must do so when, as here, the acts to which the accused confessed during the plea inquiry, as a matter of law, *unambiguously* fail to establish there was a direct movement toward the commission of the offense. Therefore, we hold that the military judge abused his discretion in accepting the guilty plea. He should have trusted his instincts and rejected the plea.

██ In dealing with guilty pleas, our superior court has upheld convictions when the plea inquiry "clearly establishes guilt of an offense different from but closely related to the crime to which the accused has pleaded guilty." *United States v. Epps*, 25 M.J. 319, 323 (C.M.A.1987) (quoting *United States v. Wright*, 22 M.J. 25, 27 (C.M.A.1986)). In this case, attempting to distribute ecstasy to a particular person and soliciting that person to possess ecstasy are closely related. Furthermore, it is clear from the plea inquiry that the appellant and his attorney had discussed the differences between an attempt and soliciting another to commit the offense, and the appellant clearly admitted the elements of the offense to the military judge.

The doctrine permitting us to affirm convictions for closely related offenses originally was limited to situations in which the two offenses had the same maximum punishment. *See id.* Although the maximum punishment for the attempt to which the appellant pled guilty is 15 years and the maximum for soliciting is 5 years, we do not believe that precludes this Court from affirming the appellant's conviction for soliciting another to commit possession of ecstasy. The appellant pled guilty to several other offenses that were more serious. He received a relatively lenient sentence even when compared to the maximum sentence the military judge could have imposed after substituting the solicitation offense for the attempt charge—a dishonorable discharge and confinement for 32 years. Under these circumstances, we are convinced that the military judge would have adjudged the same sentence. *United States v. Sales*, 22 M.J. 305 (C.M.A.1986). Thus, we can affirm a finding of guilty to the closely related offense of soliciting another to commit the offense of wrongful possession of ecstasy, a violation of Article 134. *Cf. United States v. Shavrnoch*, 49 M.J. 334, 339 (1998) (affirming conviction of closely related offense with lesser maximum punishment where the appellant received a "comparatively lenient sentence.").

### IV. The Promulgating Order

We note that the court-martial order incorrectly states that the appellant was arraigned on five specifications under Charge I, as violations of Article 112a. It appears from the record of trial that the appellant was only arraigned on the first three specifications of that Charge.

### V. Decision

For the specification of Charge II and Charge II, we affirm a finding of guilty of soliciting another to commit the offense of possession of ecstasy, in violation of Article 134. The findings, as modified, and the sentence, as reassessed, are

AFFIRMED.

Senior Judge SCHLEGEL and Judge HEAD concur.